Bruce A. Anderson, ISB #3392
ELSAESSER ANDERSON, CHTD.
Attorneys at Law
320 East Neider Avenue, Suite 102
Coeur d'Alene, ID  83815
Tel:    (208) 667-2900
Fax:    (208) 667-2150

Attorneys for Debtor-in Possession

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF IDAHO

| In re: | |
|---|---|
| Dick Campbell Company | Case No.: 17-00756-JMM |
| Debtor-in-Possession. | Chapter 11 |

### PRE-CONFIRMATION REPORT

COMES NOW Dick Campbell Company, ("Campbell Company"), the Debtor and Debtor-in-Possession, in the above captioned case, by and through its attorney, Bruce A. Anderson of Elsaesser Anderson, Chtd., and hereby submits its Pre-Confirmation Report pursuant to Local Bankruptcy Rule 3020.1.

### I. RESPONSE TO OBJECTIONS TO CONFIRMATION

*Polara Engineering, Inc. has filed an Objection to Confirmation of Amended Plan ("Objection").  Dick Campbell Company's response to such Objection is filed as a separate document ("Response").*

### II. SATISFACTION OF THE REQUIREMENTS OF 11 U.S.C. § 1129

The Plan is confirmable under §1129.  Campbell Company's Response and testimony and evidence at hearing will demonstrate this.

(a) The court shall confirm a plan only if all of the following requirements are met:

(1) The plan complies with the applicable provisions of this title. ***There is nothing in the Plan contrary to law.***

(2) The proponent of the plan complies with the applicable provisions of this title. ***The proponent is clearly identified as the Debtor, Dick Campbell Company, an Idaho corporation, and clearly complies with the Code.***

PRE-CONFIRMATION REPORT -1

(3) Debtor asserts the Plan has been proposed in good faith. ***Debtor has filed all monthly reports and otherwise complied with the Code. All payments to the Trustee are up to date. Please see the Response for further argument.***

(4) Any payment made or to be made by the proponents, the Debtor, or by a person issuing securities or acquiring property under the plan, for services or for costs and expenses in or in connection with the case, or in connection with the plan and incident to the case, has been approved by, or is subject to the approval of, the Court as reasonable. ***After confirmation, counsel for the Debtor and Special Counsel will submit a final application for attorney's fees and costs. Any fees and costs approved by the Court shall be paid by the Debtor.***

(5) (A) (i) The proponents of the plan have disclosed the identity and affiliations of any individual proposed to serve, after confirmation of the plan, as a director, officer, or voting trustee of the debtors, an affiliate of the debtors participating in a joint plan with the debtors, or a successor to the debtors under the plan; and

(ii) the appointment to, or continuance in, such office of such individual, is consistent with the interests of creditors and equity security holders and with public policy; and

(B) The proponents of the plan have disclosed the identity of any insider that will be employed or retained by the reorganized Debtor, and the nature of any compensation for such insider. ***Debtor's principals are Phil Tate and Angie Tate. It is believed the compensation package for Phil Tate is reasonable and will not hinder payments to secured and unsecured creditors; and***

(6) Any governmental regulatory commission with jurisdiction, after confirmation of the plan, over the rates of the Debtor, has approved any rate change provided for in the plan, or such rate change is expressly conditioned on such approval. ***N/A. There are no regulatory commissions involved***.

(7) With respect to each impaired class of claims or interests -

(A) each holder of a claim or interest of such class -

(i) has accepted the plan; or

(ii) will receive or retain under the plan on account of such claim or interest property of a value, as of the effective date of the plan, that is not less than the amount that such holder would so receive or retain if the Debtor were liquidated under chapter 7 of this title on such date. A***ll classes of claims, with the exception of Class 2a, have accepted the plan and will receive more than a liquidation pursuant to Chapter 7.***

(B) if section 1111(b)(2) of this title applies to the claims of such class, each holder of a claim of such class will receive or retain under the plan on account of such claim property of a value, as of the effective date of the plan, that is not less than the value of such holder's interest in the estate's interest in the property that secures such claims. ***No 11 U.S.C. § 1111(b) election has been made.***

**PRE-CONFIRMATION REPORT -2**

(8) With respect to each class of claims or interests -

(A) such class has accepted the plan; or

(B) such class is not impaired under the plan.

***As set forth above, all classes of claims, with the exception of 2a, have accepted the plan.  Please see the Response.***

(9) Except to the extent that the holder of a particular claim has agreed to a different treatment of such claim, the plan provides that –

(A) with respect to a claim of a kind specified in section 507(a)(2) or 507(a)(3) of this title, on the effective date of the plan, the holder of such claim will receive on account of such claim cash equal to the allowed amount of such claim;

(B) with respect to a class of claims of a kind specified in section 507(a)(1), 507(a)(4), 507(a)(5), 507(a)(6), or 507(a)(7) of this title, each holder of a claim of such class will receive -

(i) if such class has accepted the plan, deferred cash payments of a value, as of the effective date of the plan, equal to the allowed amount of such claim; or (ii) if such class has not accepted the plan, cash on the effective date of the plan equal to the allowed amount of such claim;

(C ) with respect to a claim of a kind specified in section 507(a)(8) of this title, the holder of such claim will receive on account of such claim regular installment payments in cash--

(i) of a total value, as of the effective date of the plan, equal to the allowed amount of such claim;

(ii) over a period ending not later than six years after the date of the order for relief under section 301, 302, or 303; and

(iii) in a manner not less favorable than the most favored nonpriority unsecured claim provided for by the plan (other than cash payments made to a class of creditors under section 1122(b)); and

(D) with respect to a secured claim which would otherwise meet the description of an unsecured claim of a governmental unit under section 507(a)(8), but for the secured status of that claim, the holder of that claim will receive on account of that claim, cash payments, in the same manner and over the same period, as prescribed in subparagraph (c).  ***All provisions of section 507 are or will be complied with***.

(10) If a class of claims is impaired under the plan, at least one class of claims that is impaired under the plan has accepted the plan, determined without including any acceptance of the plan by any insider. ***The summary of the balloting will show that two impaired classes have voted in favor of the Plan.  Please see the Response.***

**PRE-CONFIRMATION REPORT -3**

(11) Confirmation of the plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Debtor or any successor to the Debtor under the plan, unless such liquidation or reorganization is proposed in the plan. *The Debtor believes that the plan is feasible in that it provides reasonable payments to the secured creditors, and pays off the unsecured creditors in full, Polara with interest.*

(12) All fees payable under section 1930 of title 28, as determined by the court at the hearing on confirmation of the plan, have been paid or the plan provides for the payment of all such fees on the effective date of the plan. *Both requirements are met*.

(13) The plan provides for the continuation after its effective date of payment of all retiree benefits, as that term is defined in section 1114 of this title, at the level established pursuant to subsection (e)(l)(B) or (g) of section 1114 of this title, at any time prior to confirmation of the plan, for the duration of the period the Debtor has obligated itself to provide such benefits. *N/A*

(14) If the Debtor is required by a judicial or administrative order, or by statute, to pay a domestic support obligation, the debtor has paid all amounts payable under such order or such statute for such obligation that first become payable after the date of the filing of the petition. *N/A.*

(15) In a case in which the Debtor is an individual and in which the holder of an allowed unsecured claim objects to the confirmation of the plan--

(A) the value, as of the effective date of the plan, of the property to be distributed under the plan on account of such claim is not less than the amount of such claim; or

(B) the value of the property to be distributed under the plan is not less than the projected disposable income of the Debtor (as defined in section 1325(b)(2)) to be received during the 5-year period beginning on the date that the first payment is due under the plan, or during the period for which the plan provides payments, whichever is longer. *N/A*

(16) All transfers of property of the plan shall be made in accordance with any applicable provisions of non bankruptcy law that govern the transfer of property by a corporation or trust that is not a moneyed, business, or commercial corporation or trust. *N/A.*

(b)  (1) Notwithstanding section 510(a) of this title, if all of the applicable requirements of subsection (a) of this section other than paragraph (8) are met with respect to a plan, the court, on request of the proponent of the plan, shall confirm the plan notwithstanding the requirements of such paragraph if the plan does not discriminate unfairly, and is fair and equitable, with respect to each class of claims or interests that is impaired under, and has not accepted, the plan.

*This provision has been satisfied.  Please see the Response.*

(2) For the purpose of this subsection, the condition that a plan be fair and equitable with respect to a class includes the following requirements:

(A) With respect to a class of secured claims, the plan provides -

**PRE-CONFIRMATION REPORT -4**

(i)(I) that the holders of such claims retain the liens securing such claims, whether the property subject to such liens is retained by the Debtor or transferred to another entity, to the extent of the allowed amount of such claims; and

(i)(II) that each holder of a claim of such class receive on account of such claim deferred cash payments totaling at least the allowed amount of such claim, of a value, as of the effective date of the plan, of at least the value of such holder's interest in the estate's interest in such property; ***This provision has been satisfied.***

(ii) for the sale, subject to section 363(k) of this title, of any property that is subject to the liens securing such claims, free and clear of such liens, with such liens to attach to the proceeds of such sale, and the treatment of such liens on proceeds under clause (i) or (iii) of this subparagraph; ***N/A.***

(iii) for the realization by such holders of the indubitable equivalent of such claims. ***This provision has been satisfied.***

(B) With respect to a class of unsecured claims -

(i) the plan provides that each holder of a claim of such class receive or retain on account of such claim property of a value, as of the effective date of the plan, equal to the allowed amount of such claim; or

(ii) the holder of any claim or interest that is junior to the claims of such class will not receive or retain under the plan on account of such junior claim or interest any property, except that in a case in which the Debtor is an individual, the Debtor may retain property included in the estate under section 1115, subject to the requirements of subsection (a)(14) of this section. ***This provision has been satisfied.  Please see the Response.***

(C) With respect to a class of interests -

(i) the plan provides that each holder of an interest of such class receive or retain on account of such interest property of a value, as of the effective date of the plan, equal to the greatest of the allowed amount of any fixed liquidation preference to which such holder is entitled, any fixed redemption price to which such holder is entitled, or the value of such interest; or

(ii) the holder of any interest that is junior to the interests of such class will not receive or retain under the plan on account of such junior interest any property.  ***Equity Interests receive nothing in this Plan – unsecured claims are paid in full.***

(c) Notwithstanding subsections (a) and (b) of this section and except as provided in section 1127(b) of this title, the court may confirm only one plan, unless the order of confirmation in the case has been revoked under section 1144 of this title. If the requirements of subsections (a) and (b) of this section are met with respect to more than one plan, the court shall consider the preferences of creditors and equity security holders in determining which plan to confirm. ***There is only one Plan at issue***.

**PRE-CONFIRMATION REPORT -5**

(d) Notwithstanding any other provision of this section, on request of a party in interest that is a governmental unit, the court may not confirm a plan if the principal purpose of the plan is the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933. In any hearing under this subsection, the governmental unit has the burden of proof on the issue of avoidance. *This is not an issue.*

(e) In a small business case, the court shall confirm a plan that complies with the applicable provisions of this title and that is filed in accordance with section 1121(e) not later than 45 days after the plan is filed unless the time for confirmation is extended in accordance with section 1121(e)(3). *This is not an issue*.

(17) The summary of the balloting has been filed separately.

### III. CONCLUSION

*Counsel for the Debtor will be present at the hearing on confirmation scheduled for April 17, 2018, and will be prepared to offer testimony and evidence in support of confirmation of the Debtor's plan.*

DATED this 6th day of April, 2018.

ELSAESSER ANDERSON, CHTD.

*/s/ Bruce A. Anderson*_____
Bruce A. Anderson
Attorney for Debtor-in-Possession

**PRE-CONFIRMATION REPORT -6**